IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | |
|---|---|
| JAMES L. AHERN, JR., §<br>*Plaintiff,* §<br>§<br>vs. §<br>§<br>ROBERT MOULTON BRIGGS, *et al.*, §<br>*Defendants*. § | NO: PE:21-CV-00005-DC-DF |

### ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE

BEFORE THE COURT is Defendant Bernard Uechtritz ("Uechtritz") and IG Icon Global Real Estate, LLC's ("Icon") Motion to Transfer Venue to Northern District of Texas ("Motion to Transfer"). (Doc. 4). This case is before the undersigned U.S. Magistrate Judge through a standing order of referral from the District Judge pursuant to 28 U.S.C. § 636 and Appendix C of the Local Rules for the Assignment of Duties to U.S. Magistrate Judges. After due consideration, Defendants Uechtritz and Icon's Motion to Transfer is **GRANTED**. (Doc. 4).

### I. BACKGROUND

In 2018, the owners of the 31,000-acre KC7 Ranch in Balmorhea, Texas ("KC7 Ranch") "filed for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division." (Doc. 1 at 27–28). The KC7 Ranch was listed for sale as part of the bankruptcy proceedings. *Id*. at 28. As noted by Plaintiff James L. Ahern ("Plaintiff") in his original complaint:

> Defendants in this case are the real estate agents and brokers who listed and marketed the KC7 Ranch for sale: Defendant Bernard Uechtritz ("Uechtritz") is a licensed Texas real estate agent . . . and is the principal and sole manager of Defendant IG Icon Global Real Estate, LLC ("Icon"); Defendant Robert Moulton Briggs [("Briggs")] is a licensed Texas real estate broker . . . and is the president, sole director, and designated officer of Briggs/Freeman

>
> Real Estate Brokerage, Inc. ("Briggs/Freeman") . . . ; and Defendant Matthew Clark McWilliams ("McWilliams") is a Texas licensed real estate broker . . . and is the principal and sole manager of Defendant MCW Real Estate Advisors, LLC ("MCW")[.]

*Id*.

In October 2018, Defendants Icon and Uechtritz sent a marketing email advertising the sale of the KC7 Ranch to several real estate professionals, including Plaintiff. *Id*. Plaintiff in turn reached out to his client, Paul Foster ("Foster"), to enquire whether Foster may be interested in purchasing the KC7 Ranch. *Id*. Foster indicated his interest, so Plaintiff "reached out to Defendants and arranged to show the property to Foster." *Id*. Foster ultimately purchased the property for $32.5 million. *Id*.

Plaintiff contends that during "the early stages of the transaction, [Plaintiff] and Foster requested that [Plaintiff] be added to the transactional documents so that [Plaintiff] would receive his 50% share of the sales commission at the KC7 Ranch closing." *Id*. at 29. Defendants informed Plaintiff that he could not be included on the transactional documents because the transaction was a bankruptcy sale; however, Defendants allegedly "promised that, in exchange for [Plaintiff's] introduction of Foster and work obtaining the buyer, Defendants would receive 100% of the sale commission, and then they would . . . pay [Plaintiff] his 50% share." *Id*. Plaintiff asserts he orally agreed to this arrangement. *Id*. Defendants failed to pay Plaintiff his portion of the commission. *Id*.

Prior to the initiation of the present suit, on January 28, 2019, the Bankruptcy Court entered an order titled "Order Approving Motion for Order Authorizing (I) Sale of the KC7 Ranch and Related Property Free and Clear of all Liens, Claims, Encumbrances, and Interests, and (B) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale" (hereafter, the "Bankruptcy Order"). (Doc. 1 at 2, 7–18). The

2

Bankruptcy Court retained jurisdiction over state court matters related to the sale of KC7 Ranch via the following paragraph:

> F. RETENTION OF JURISDICTION
>
> 27. This Court shall retain exclusive jurisdiction to interpret and enforce the provisions of the Purchaser APA, and all aspects of this Order and further to hear and determine any and all disputes between the Debtors, CMP, the Purchaser and/or any interested party.

*Id*. at 18.

On December 24, 2020, Plaintiff initiated this suit in the 394th Judicial District Court, Jeff Davis County, Texas, styled as *James L. Ahern, Jr., Plaintiff v. Robert Moulton Briggs, Briggs/Freeman Real Estate Brokerage, Inc. d/b/a Briggs Freeman Sotheby's International Realty, IG Icon Global Real Estate, LLC, Matthew Clark McWilliams, MCM Real Estate Advisors, LLC and Bernard Uechtritz, Defendants*, Cause No. CV-2002661. (*See* Doc. 1 at 1). On January 27, 2021, Defendants Uechtritz and Icon removed the case to this Court. *Id*. Defendants Uechtritz and Icon removed the suit on the grounds that this Court "has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334 in that the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division (the "Bankruptcy Court") expressly retained jurisdiction over the subject matter of the State Court Lawsuit[.]" (Doc. 1 at 2). Defendants Uechtritz and Icon also removed the suit to this Court "because 28 U.S.C. §§ 1441(a) and 1452(a), the statutes upon which Defendants [Uechtritz and Icon] relied for the removal, require that a case must be removed to the district court of the United States for the district and division embracing the place where such action is pending." (Doc. 4 at 2).

On February 2, 2021, Defendants Uechtritz and Icon filed the presently pending Motion to Transfer. *Id*. Defendants Uechtritz and Icon seek to transfer this case to the Northern District

3

of Texas pursuant to 28 U.S.C. § 1406 and/or § 1412. *Id*. While Plaintiff filed a Motion to Remand to State Court ("Motion to Remand") on February 26, 2021, Plaintiff failed to file a Response to the Motion to Transfer. (*See* Doc. 5). Accordingly, this matter is ready for disposition.

## II. LEGAL STANDARD

"If venue is improper, the Court has broad discretion to dismiss the case, or in the interest of justice, transfer the case to any district where venue is proper." *Castaneda v. Bradzoil, Inc.*, No. 1:20-CV-1039-RP, 2021 WL 1390423, at *1 (W.D. Tex. Apr. 13, 2021) (citing 28 U.S.C. § 1406(a)). A district court may transfer any civil case "[f]or the convenience of parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). "There can be no question but that the district courts have 'broad discretion in deciding whether to order a transfer.'" *Id.* (quoting *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998)).

"The threshold inquiry when determining eligibility for transfer is 'whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed,' or whether all parties have consented to a particular jurisdiction." *E-Sys. Design, Inc. v. Mentor Graphics Corp.*, 4:17-CV-00682, 2018 WL 2463795, at *1 (E.D. Tex. June 1, 2018) (quoting *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)). If the threshold inquiry is satisfied, "the focus shifts to whether the party requesting the transfer has demonstrated the

4

'convenience of parties and witnesses' requires transfer of the action, considering various private and public interests." *Int'l Fidelity Ins. Co. v. Bep Am., Inc., et al.*, A-17-CV-973-LY, 2018 WL 2427377, at *2 (W.D. Tex. May 29, 2018) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1974)). The private interest factors are:

> (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." . . . The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.

*In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (citations omitted).

### III. DISCUSSION

"A court may exercise its discretion in determining the order in which to address decisions not affecting the merits of a case." *OLP Wyo. Springs, LLC v. Harden Healthcare, LLC*, No. A-19-CV-00777-RP, 2019 WL 6002058, at *2 (W.D. Tex. Nov. 14, 2019), *report and recommendation adopted*, No. 1:19-CV-777-RP, 2020 WL 8092371 (W.D. Tex. Jan. 7, 2020) (citing *Hill v. Keliher*, 2019 WL 3837113, at *3 (S.D. Tex. Aug. 14, 2019)). Here, the Court will first address the Motion to Transfer and leave Plaintiff's pending Motion to Remand for the transferee court to decide. Further, as the present Motion to Transfer is unopposed, "the Court will discuss only the facts that support a transfer." *Leal v. Singh*, No. EP-17-CV-207-PRM, 2017 WL 10818718, at *1 (W.D. Tex. Oct. 19, 2017).

Defendants Uechtritz and Icon argue this case could—and should—have been brought in the Fort Worth Division of the Northern District of Texas "because 1) the Bankruptcy Court retained jurisdiction over any disputes among interested parties related to the contract to sell real

5

property, including the payment of real estate commissions under that contract, and 2) venue of the Bankruptcy Case was [proper] . . . in the Bankruptcy Court for the Northern District of Texas." (Doc. 4 at 3). The Court agrees that this case could have been brought in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division as that is the location where the underlying bankruptcy was filed. *See* 28 U.S.C. § 1409(a) ("a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending."); *see also* 28 U.S.C. § 1334(b) (bankruptcy courts have subject matter jurisdiction over all matters "arising in or related to cases under title 11").

Transfer of this Case also furthers judicial economy, timely resolution, and consistency in rulings. In the instant suit, Defendants Uechtritz and Icon contend "the employment of real estate professionals by the bankruptcy estate and the payment of those professionals from property of the estate are matters arising under 11 U.S.C. [§§] 327 and 330, and therefore the issues raised by the Plaintiff in this case arise in and under, and are related to, Title 11." (Doc. 4 at 3). At least one other court has found that transfer of a suit stemming from a bankruptcy back to the district where the bankruptcy is pending furthers judicial economy. *See In re Radioshack Corp.*, No. 15-10197, 2016 WL 6405576, at *2 (W.D.N.Y. Oct. 31, 2016). In *In re Radioshack Corp.*, the Western District of New York found that:

> Judicial economy, a timely resolution and consistency in rulings also favor transfer. This case is closely related to a complex bankruptcy matter which is currently pending before the Delaware Bankruptcy Court. Thus, that Court is well versed in these issues. Indeed, a transfer to the Delaware Bankruptcy Court will most likely lead to a faster resolution of the matter and would alleviate the need for another court to learn the intricacies of this complex bankruptcy proceeding.

6

*Id.* Defendants Uechtritz and Icon further assert "[t]he Bankruptcy Court approved the Debtor's retention of the Defendants as professionals for the purpose of marketing and selling a large parcel of real property held by the bankruptcy estate, and the payment of the Defendants' real estate commissions from property of the bankruptcy estate." (Doc. 4 at 3). Finally, Defendants Uechtritz and Icon argue that "[t]o the extent the Plaintiff alleges that the subject commissions were awarded by the Bankruptcy Court to the wrong parties, which the Defendants deny, redress should be sought in the Bankruptcy Court." *Id*. at 3–4. Due to the intertwined nature of the instant Suit and the underlying bankruptcy proceedings, the Court finds transfer of this suit to the Bankruptcy Court for the Northern District of Texas, Fort Worth Division is appropriate.

## IV. CONCLUSION

For the foregoing reasons, Defendants Uechtritz and Icon's Motion to Transfer is hereby **GRANTED**. (Doc. 4).

It is further **ORDERED** that Clerk of Court is instructed to transfer this matter to the Bankruptcy Court for the Northern District of Texas, Fort Worth Division and to close the matter here.

It is so **ORDERED**.

SIGNED this 28th day of April, 2021.

_____
DAVID B. FANNIN
UNITED STATES MAGISTRATE JUDGE

7